**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

**EDDIE L. HAWKINS**                                                      **PLAINTIFF**

**V.**                              **CASE NO. 2:16-CV-00040 JLH/JTK**

**NANCY A. BERRYHILL,
Acting Commissioner,
Social Security Administration**                              **DEFENDANT**

**RECOMMENDED DISPOSITION**

## I.   <u>Procedures for Filing Objections</u>:

This Recommended Disposition ("Recommendation") has been sent to United States District Judge J. Leon Holmes.  You may file written objections to this Recommendation.  If you file objections, they must be specific and must include the factual or legal basis for your objection.

Your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.

If no objections are filed, Judge Holmes can adopt this Recommendation without independently reviewing the record.  By not objecting, you may also waive any right to appeal questions of fact.

## II.  <u>Introduction</u>:

Plaintiff, Eddie L. Hawkins, applied for disability benefits, alleging a disability onset date of November 24, 2010.  (Tr. at 8).  After conducting a hearing, the Administrative Law Judge ("ALJ") denied his application.  (Tr. at 19).  The Appeals Council denied his request for review.  (Tr. at 1).  The ALJ's decision now stands as the final decision of the Commissioner, and Hawkins has requested judicial review.

For the reasons states below, this Court should affirm the decision of the Commissioner.

### III.  **The Commissioner's Decision**:

The ALJ found that Hawkins had not engaged in substantial gainful activity since the onset date of November 24, 2010.  (Tr. at 10).  At Step Two, the ALJ found that Hawkins had the following severe impairments: osteoarthritis, degenerative disc disease of the lumbar spine, gouty arthritis, diabetes mellitus, hypertension, cataracts, and obesity.  *Id.*  At Step Three, the ALJ determined that Hawkins's impairments did not meet or equal a listed impairment.  (Tr. at 12).  Before proceeding to Step Four, the ALJ determined that Hawkins had the residual functional capacity ("RFC") to perform medium work except for the following limitations: 1) can occasionally balance, stoop, kneel, crouch, crawl, and climb stairs and ramps (but not climb ladders, ropes, and scaffolds); and 2) can frequently perform work tasks requiring near and far visual acuity.  (Tr. at 13). Next, the ALJ found that Hawkins is unable to perform his past relevant work.  (Tr. at 18).

At Step Five, the ALJ relied on the testimony of a Vocational Expert ("VE") to find that, based on Hawkins's age, education, work experience and RFC, jobs existed in significant numbers in the national economy that he could perform at the medium level, specifically, hand packager.  (Tr. at 19).  Consequently, the ALJ found that Hawkins was not disabled.  *Id.*

### IV.    **Discussion**:

A.  Standard of Review

The Court's role is to determine whether the Commissioner's findings are supported by substantial evidence.  *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000).  "Substantial evidence" in this context means less than a preponderance but more than a scintilla.  *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009).  In other words, it is "enough that a reasonable mind would find it adequate to support the ALJ's decision."  *Id.* (citation omitted).  The Court must consider not only evidence

that supports the Commissioner's decision, but also evidence that supports a contrary outcome.  The Court cannot reverse the decision, however, "merely because substantial evidence exists for the opposite decision." *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) (quoting *Johnson v. Chater*, 87 F.3d 1015, 1017 (8th Cir. 1996)).

      B.  Hawkins's Arguments on Appeal

      Hawkins argues that substantial evidence does not support the ALJ's decision to deny benefits.  He contends that the ALJ erred in the weight he granted to Drs. Webber, Balke, and Eppstein, and as a result, assigned an RFC beyond what Hawkins could perform.  Hawkins also argues that he met Medical-Vocational Guideline 201.12.[1]  After reviewing the record as a whole, the Court concludes that the ALJ did not err in denying benefits.

      A treating physician's opinion should be granted controlling weight if it is supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record.  *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015).  The opinion of a treating physician, however, does not automatically control; nor does it eliminate the need to evaluate the record as a whole.  *Id.* (quoting *Hogan v. Apfel*, 239 F.3d 958, 961 (8th Cir. 2001)).  An ALJ may discount or disregard the opinion of a treating physician when other medical assessments are supported by better or more thorough medical evidence, or where a treating physician renders inconsistent opinions that undermine the credibility of the opinions.  *Id.* (citations omitted).  The ALJ here gave proper weight to the medical opinions.

      Hawkins submitted little objective medical evidence of his own supporting his allegations

---

[1]The Medical-Vocational Guidelines are a set of rules that render a finding of disabled or not disabled based on a claimant's specific vocational profile.  20 CFR Part 404, Subpart P, Appendix 2; SSR 83-11.

of disabling conditions. He relies instead upon the opinions of state-agency medical consultants to prove his case.

The first consultative exam was done by Dr. David Webber, M.D., on April 26, 2010. Dr. Webber found normal range of motion ("ROM") in all extremities, a negative straight-leg raise, and a normal neurological exam. (Tr. at 320-324). He further found no muscle weakness or atrophy and normal gait and coordination, as well as not functional restrictions in the limbs. *Id.* Dr. Webber opined that Hawkins did not need an assistive device to walk. *Id.* Objective tests showing mild to moderate conditions do not support a finding of disability. *Masterson v. Barnhart*, 363 F.3d 731, 738-39 (8th Cir. 2004). In spite of these mild objective results, Dr. Webber stated that Hawkins had severe limitations. He did not specify those limitations or point to medical evidence to support the conclusion. Physician opinions that are internally inconsistent are entitled to less deference than they would receive in the absence of inconsistencies. *Guilliams v. Barnhart*, 393 F.3d 798, 803 (8th Cir. 2005). The inconsistency within Dr. Webber's report renders it unpersuasive.

Dr. Susan Balke, D.O., performed another consultative evaluation of Hawkins on January 29, 2013. Her report was a medical source statement in a check-box format. She found decreased ROM in the extremities, but no muscle spasm, muscle weakness, or muscle atrophy. (Tr. at 380). Dr. Balke's neurological exam of Hawkins was normal, which undermines her diagnosis of neuropathy. *Id.* She said he must use a cane to walk and would be quite limited in his ability to walk, sit, or stand. (Tr. at 381). The ALJ properly gave little weight to Dr. Balke's opinion because of internal inconsistencies and because she saw Hawkins only once. Check-box opinions, especially by a doctor who has only examined the claimant once, are entitled to little weight in the evaluation of disability. *See Taylor v. Chater*, 118 F.3d 1274, 1279 (8th Cir. 1997).

Hawkins next relies upon the report of Dr. Stephen Eppstein, M.D., to support his claim. Dr. Eppstein did not fill out a medical source statement, instead proffering a letter to the ALJ stating that he did not "find sufficient objective evidence of record to allow me to form an opinion of the claimant's medical status." (Tr. at 478). He posed several questions regarding the evidence he did have and suggested that Hawkins undergo an internal medicine consultative exam to obtain complete findings. *Id.* Hawkins did just that, seeing Dr. Gary P. Nunn, M.D. on September 15, 2014. Dr. Nunn's opinion, which stands in for the inconclusive opinion of Dr. Eppstein, found that Hawkins could perform medium work and would not need a cane to walk or stand. (Tr. at 483, 484). He did limit Hawkins to only 3 hours of standing and walking in a workday, which contradicts the assignment to medium work, but in the same turn, Dr. Nunn said that Hawkins would not have problems using his hands or feet and he could work at unprotected heights and operate heavy machinery or motor vehicles. (Tr. at 487). The ALJ cited to two state-agency medical consultants, Dr. Robert Redd, M.D. and Dr. Dan Gardner, M.D., who both opined that Hawkins could do medium work. (Tr. at 341, 407). These three opinions providing for medium work offer strong support for the ALJ's RFC determination.

Moreover, Hawkins admitted to being able to do housework, cook, shop, and drive, which supports Dr. Nunn's conclusion. (Tr. at 17). The ALJ gave Dr. Nunn's opinion great weight in light of the lack of objective evidence to contradict it. The plaintiff carries the burden of proving disability through the first four steps of the evaluative process. *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir. 2009). Hawkins failure to provide supporting medical evidence undermines his contention that he is disabled.

Hawkins cites to the above doctors' reports for his argument that he could not perform

medium work.  Had the ALJ erred in the weight he gave those doctors or failed to consider the medical evidence as a whole, the argument may have merit.  But the Court finds the weight given to the consulting doctors was appropriate and therefore, the ALJ's opinion was supported by substantial evidence.

Hawkins finally argues that he met Medical-Vocational Guideline 201.12.  He also contends that because the ALJ found Hawkins could not perform his past work at the medium level, it was error to find medium work available.  First, the Guideline Hawkins points to applies to individuals who are limited to sedentary work.  As outlined above, there is no evidence supporting a claim of a sedentary RFC.  So that Guideline does not apply, and Hawkins's argument fails.

Furthermore, while the ALJ ruled out medium past work, in his RFC and hypothetical he limited Hawkins to only occasional stooping.  (Tr. at 56).  This qualification explains why he could not perform past medium work but could perform the tailored work of a hand packager, because that job was limited in its stooping requirement.  The purpose of a properly phrased hypothetical is to find work that is not impeded by the additional limitations contained in the RFC.  A claimant's RFC represents the most he can do despite the combined effects of all of his credible limitations and must be based on all credible evidence.  *McCoy v. Astrue*, 648 F.3d 605, 614 (8th Cir. 2011).  The ALJ here considered all of Hawkins's limitations to arrive at the correct RFC.

## V.  Conclusion:

There is substantial evidence to support the Commissioner's decision that Hawkins was not disabled.  The ALJ gave appropriate weight to the doctors' opinions and did not err in his RFC determination or his evaluation of the Medical-Vocational Guidelines.  The finding that Hawkins was not disabled within the meaning of the Social Security Act, therefore, should be affirmed.  The

case should be dismissed, with prejudice.

IT IS SO ORDERED this 21st day of March, 2017.

_____
UNITED STATES MAGISTRATE JUDGE